UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WENDY CENIS,<br><br>        Plaintiff,<br><br>    v.<br><br>WINCO HOLDINGS, INC. et al,<br><br>        Defendants. | No. 1:15-cv-01502-DAD-JLT<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO REMAND AND DENYING DEFENDANTS' MOTION TO DISMISS<br><br>(Doc. Nos. 16–17.) |

This matter is before the court on June 7, 2016, for hearing of defendants' motion to dismiss and plaintiff's motion to remand. Attorney Christy Granieri appeared on behalf of plaintiff Wendy Cenis, and attorney Kristina Launey appeared on behalf of defendants WinCo Holdings, Inc., and Brandon Rodgers. Oral argument was heard and the motions were taken under submission. For the reasons stated below, plaintiff's motion to remand will be granted and defendants' motion to dismiss will be denied.

FACTUAL BACKGROUND

On August 25, 2015, plaintiff Wendy Cenis, a California resident, filed a complaint in the Kern County Superior Court against defendants WinCo Holdings, Inc. and Brandon Rodgers. (Doc. No. 1-2 at 4.) Plaintiff Cenis and defendant Rodgers are California residents, while defendant WinCo is a citizen of Idaho. (*Id.* at 3, ¶ 10.) On October 1, 2015, defendants removed the action to this federal court purportedly based upon diversity of citizenship jurisdiction. (Doc.

1

No. 1.) Plaintiff's complaint presents four claims against defendants WinCo and Does 1–25: (1) California Fair Employment and Housing Act claims, Cal. Govt. Code § 12940, et seq., based on disability discrimination, failure to engage in the interactive process, failure to reasonably accommodate a disability, failure to prevent discrimination, and retaliation; (2) California Labor Code § 6310 claims based on retaliation and wrongful termination; (3) breach of implied warranty of merchantability claims; and (4) declaratory and injunctive relief claims under California Civil Procedure Code § 1060. Plaintiff also brings claims against defendant Brandon Rodgers, WinCo, and Does 1–25 for defamation by slander. (*Id.* at 30.)

The complaint alleges the following. Plaintiff Wendy Cenis began working for WinCo as a cashier on July 1, 2014. (Doc. No. 1-2 at 6, ¶ 6.) As of March 22, 2015, plaintiff worked at the WinCo store located at 4200 Coffee Road, Bakersfield, California. (*Id.* at 7, ¶ 12.) While working at the Coffee Road store, plaintiff did not receive any performance write-ups, nor was she the subject of any other disciplinary action. (*Id.* at 7, ¶¶ 13–14.)

On May 9, 2015, plaintiff arrived at the WinCo store at around 3:00 p.m. in advance of her 3:45 p.m. shift. (*Id.* at 7, ¶ 15.) After eating at the WinCo deli, she began to feel ill. (*Id.* at 7, ¶¶ 16–17.) Plaintiff worked between 3:45 p.m. and 9 p.m., at which point she informed her supervisor that she was nauseous and dizzy. (*Id.* at 7–8, ¶¶ 16–28.) Her supervisor recommended that plaintiff go home, telling plaintiff she would not receive attendance points for leaving before the end of her shift. (*Id.* at 7, ¶ 30.)

On May 14, 2015, the WinCo Assistant Manager met with plaintiff and informed her she would be given an attendance point for leaving work early on May 9, 2015. (*Id.* at 9, ¶¶ 38, 39.) After the meeting, plaintiff emailed WinCo's HR Specialist, Janelle Raber, and made a complaint about the food in WinCo's deli and about her meeting with the Assistant Manager. (*Id.* at ¶ 43.) After registering this complaint, plaintiff began to experience different treatment from WinCo's store manager, defendant Rodgers. (*Id.* at 10, ¶ 45.) Rodgers began "shunning her, acting as if she did not exist, ignoring her, and refusing to speak with her." (*Id.*) Rodgers also told plaintiff's coworkers, store management, and human resources employees that plaintiff had "poor

/////

attendance, missed work, [] was an unfit employee," and "imputed to [plaintiff's] coworkers that [plaintiff] was generally disqualified in her occupation." (*Id.* at 26, ¶ 133.)

On June 4, 2015, defendant Rodgers met with plaintiff. (*Id.* at 10, ¶ 49.) In the presence of another employee, Rodgers told plaintiff that she was terminated effective immediately due to poor work attendance. (*Id.*)

PROCEDURAL BACKGROUND

As noted above, on October 1, 2015, defendants filed a notice of removal on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332, § 1441(a), and § 1446. (Doc. No. 1.) Therein defendants asserted that removal was proper because plaintiff Cenis and defendant WinCo were citizens of different states, and because defendant Rodgers was a sham defendant whose citizenship should not be considered in assessing diversity jurisdiction. (*Id.* at 4.)

On October 23, 2015, plaintiff filed a motion to remand the suit to the Kern County Superior Court. (Doc. No. 17.) Defendants filed their opposition to plaintiff's remand motion on November 25, 2015. (Doc. No. 24.) On December 3, 2015, plaintiff filed a reply. (Doc. No. 27.)

On October 23, 2015, defendants also filed a motion to dismiss plaintiff's defamation claim against defendant Rodgers. (Doc. No. 16.) Plaintiff Cenis filed an opposition to defendants' motion to dismiss on November 25, 2015. (Doc. No. 23.) Defendants filed their reply on December 3, 2015. (Doc. No. 25.)

LEGAL STANDARDS

**I.  Fraudulent Joinder**

Title 28 United States Code § 1441(a) provides that a defendant may remove "any civil action brought in a State court of which the district courts . . . have original jurisdiction." Removal is proper when a case originally filed in state court presents a federal question or where there is diversity of citizenship among the parties and the amount in controversy exceeds $75,000. *See* 28 U.S.C. §§ 1331, 1332(a).

Title 28 United States Code § 1447(c) establishes that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." "The removal statute is strictly construed against removal jurisdiction, and the

burden of establishing federal jurisdiction falls to the party invoking the statute." *California ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir. 2004); *see also Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009) ("The defendant bears the burden of establishing that removal is proper."). "Where doubt regarding the right to removal exists, a case should be remanded to state court." *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003); *see also Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1118 (9th Cir. 2004).

An action may be removed to federal court on the basis of diversity jurisdiction only where there is complete diversity of citizenship. *Hunter v. Phillip Morris USA,* 582 F.3d 1039, 1043 (9th Cir. 2009). "[O]ne exception to the requirement for complete diversity is where the non-diverse defendant has been 'fraudulently joined.'" *Id.* (quoting *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001)). To show fraudulent joinder, the party opposing remand must establish that plaintiff has named a defendant against whom no cause of action lies, and that this defendant's joinder defeats diversity jurisdiction. *See Hunter,* 582 F.3d at 1043 (noting that "[j]oinder is fraudulent if the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state") (citations omitted); *Morris,* 236 F.3d at 1067; *McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987); *Good v. Prudential Ins. Co.*, 5 F. Supp. 2d 804, 807 (N.D. Cal. 1998) (explaining that fraudulent joinder exists when "there is no possibility that the plaintiff will be able to establish a cause of action in State court against the alleged sham defendant"). There is a general presumption against fraudulent joinder, and the burden on the defendant opposing remand on the basis of an alleged fraudulent joinder is a "heavy one." *Hamilton Materials, Inc. v. Dow Chemical Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007); *Davis v. Prentiss Props. Ltd., Inc.*, 66 F. Supp. 2d 1112, 1113 (C.D. Cal. 1999). "Fraudulent joinder must be proven by clear and convincing evidence," and district courts must resolve all disputed questions of fact in favor of the plaintiff. *Hamilton Materials, Inc.*, 494 F.3d at 1206; *Good*, 5 F. Supp. 2d at 807.

/////

/////

## II. <u>Motion to Dismiss</u>

The purpose of a motion to dismiss brought pursuant to Rule 12(b)(6) is to test the legal sufficiency of the complaint. *N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). A claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Though Rule 8(a) does not require detailed factual allegations, a plaintiff is required to allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

In determining whether a complaint states a claim on which relief may be granted, the court accepts as true the allegations in the complaint and construes the allegations in the light most favorable to the plaintiff. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *Love v. United States*, 915 F.2d 1242, 1245 (9th Cir. 1989). It is inappropriate to assume that the plaintiff "can prove facts which it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

## ANALYSIS

As noted, plaintiff moves to remand this matter to state court, arguing that defendant Rodgers is a diversity-defeating defendant who was not fraudulently joined. (Doc. No. 17.) In arguing against defendants' assertion of fraudulent joinder, plaintiff contends that: (1) her complaint alleges defendant Rodgers' defamatory comments with sufficient specificity and his comments about her were false; and (2) defendant Rodgers' alleged statements are not privileged. (*Id.* at 7–12.) Defendants oppose plaintiff's motion to remand, contending that defendant Rodgers was fraudulently joined by plaintiff in this action merely to defeat diversity jurisdiction.
/////

(Doc. No. 24 at 3.) Defendants also move to dismiss plaintiff's defamation claim against Rodgers pursuant to Civil Procedure Rule 12(b)(6) for failure to state a claim. (Doc. No. 16.)

## I. Nature of the Statement

Under California law, defamation consists of either libel or slander. California Civil Code § 46 provides, in relevant part: "Slander is a false and unprivileged publication, orally uttered," which "[t]ends directly to injure him in respect to his office, profession, trade or business."

To state a claim for defamation, plaintiff must allege "the intentional publication of a statement of fact that is false, unprivileged, and has a natural tendency to injure or which causes special damage." Cal. Civ. Code §§ 45–46; *see also Makaeff v. Trump University, LLC*, 715 F.3d 254, 264 (9th Cir. 2013) (citing *Gilbert v. Sykes*, 147 Cal. App. 4th 13, 53 (2007)). A publication for these purposes is a communication to some third person who understands the defamatory meaning of the statement and its application to the person referenced. *See Smith v. Maldonado*, 72 Cal. App. 4th 637, 645 (1999); *see also Okun v. Super. Ct.*, 29 Cal. 3d 442, 458 (1981).

"In ruling on the sufficiency of a state law claim, the court applies federal pleading standards, although the standard for dismissal in state court 'is highly relevant.'" *Jacobson v. Schwarzenegger*, 357 F. Supp. 2d 1198, 1215 (C.D. Cal. Nov. 30, 2004) (citing *Church of Scientology of Calif. v. Flynn*, 744 F.2d 694, 696 n.2 (9th Cir. 1984)). California law requires that the plaintiff alleging a defamation claim specifically identify the defamatory statement, and plead the substance of that statement. *Jacobson*, 357 F. Supp. 2d at 1216; *see also Okun*, 29 Cal. 3d at 458. Even under liberal pleading standards of Federal Civil Procedure Rule 8(a), "general allegations of the defamatory statements that do not identify the substance of what was said are insufficient." *Qualls v. Regents of Univ. of California*, No. 1:13-CV-00649-LJO, 2013 WL 4828587, at *8 (E.D. Cal. Sept. 6, 2013); *see also Chaconas v. JP Morgan Chase Bank*, 713 F. Supp. 2d 1180, 1190 (S.D. Cal. 2010); *cf. Care Plus Ins. Marketing v. Connecticut General Life Ins. Co.*, No. 1:10-cv-01836 AWI MJS, 2010 WL 5394772, at *5 (E.D. Cal. Dec. 21, 2010) (noting that Fed. R. Civ. Proc. 8(a) applies to defamation claims and that plaintiffs alleging defamation in federal court are not held to the heightened pleading standard of Fed. R. Civ. Proc. 9(b)).

To determine whether a plaintiff has adequately pleaded a defamatory statement, the court examines the communication in light of its context. *See Jensen v. Hewlett-Packard Co.*, 14 Cal. App. 4th 958, 970 (1993). The communication "must be considered in reference to relevant factors, such as the occasion of the utterance, the persons addressed, the purpose to be served, and all of the circumstances attending the publication." *Id.* (citation and emphasis omitted). A plaintiff need not detail all these factors to state a claim, but must at least provide "sufficient notice of the issues to enable preparation of a defense." *See Roland-Warren v. Sunrise Senior Living, Inc.*, No. 09 CV 1199 JM (WMc), 2009 WL 2406356, at *7 (S.D. Cal. Aug. 4, 2009) (explaining that, to adequately plead the substance of a defamatory statement, a plaintiff may allege details including the time, place, and recipients of the statements); *see also Leon v. Target Corp.*, No. 1:10-cv01479 AWI GSA, 2010 WL 4137393, at *3–5 (E.D. Cal. Oct. 19, 2010) (finding that a plaintiff stated a claim for defamation despite the fact that he did not specifically allege who was informed of the alleged statements); *cf. Jones v. Thyssenkrupp Elevator Corp.*, No. C-05-3539 EMC, 2006 WL 680553, at *6 (N.D. Cal., Mar. 14, 2006) (dismissing a defamation claim when plaintiff failed to "provide any reference to the speakers of the defamatory communications, the recipients, the timing, or the context in which they were made").

A plaintiff seeking to bring a defamation claim has the burden of alleging the existence of an actionable falsehood. *See Price v. Stossel*, 620 F.3d 992, 1000 (9th Cir. 2010). "Because the statement must contain a provable falsehood, courts distinguish between statements of fact and statements of opinion for purposes of defamation liability." *McGarry v. University of San Diego*, 154 Cal. App. 4th 97, 112 (2007). While statements of fact may be actionable as defamation, statements of opinion are constitutionally protected. *See Liberman v. Fieger*, 338 F.3d 1076, 1079 (9th Cir. 2003). To determine whether a statement is fact or opinion, courts consider the totality of the circumstances. *See Jensen v. Hewlett-Packard Co.*, 14 Cal. App. 4th 958, 970 (1993). The critical question is "whether a reasonable fact finder could conclude the published statement declares or implies a provably false assertion of fact." *Reese v. Barton Healthcare Systems*, 606 F. Supp. 2d 1254, 1263 (E.D. Cal. 2008) (citing *Campanelli v. Regents*, 44 Cal. App. 4th 572, 578 (1996)). Moreover, because the falsity of a statement is an element of

1   defamation, "the truth of the offensive statements or communication is a complete defense against
2   civil liability." *Gonzalez v. City of McFarland*, No. 1:13-cv-00086-JLT, 2014 WL 5781010, at
3   *3 (E.D. Cal. Nov. 5, 2014) (citing *Smith v. Maldonado*, 72 Cal. App. 4th 637, 644 (1999)).

As noted above, plaintiff argues she has stated a defamation claim against defendant Rodgers, and that the matter must be remanded to state court for lack of subject matter jurisdiction. (Doc. Nos. 17 at 6; 23 at 4.) First, plaintiff contends that her complaint pleads the substance of defendant's defamatory statement with the requisite specificity. In particular, plaintiff contends that her complaint alleges defendant Rodgers' "specific misstatements," including those describing plaintiff as having "poor attendance," "missing work," being an "unfit" employee, and being "disqualified." (Doc. Nos. 17 at 8–10; 23 at 5–8.) Plaintiff also asserts that her complaint alleges the offending statements were made during the limited time frame of the three weeks between her early departure from work due to illness and her termination. (Doc. Nos. 17 at 9–10; 23 at 8.) Next, plaintiff contends that her complaint identifies the recipients of the false statements, namely, "[plaintiff's] coworkers, WinCo store management, and human resource employees." (*Id*.) Finally, plaintiff emphasizes that Rodgers' alleged comments were false assertions of fact. According to plaintiff, the statements were factual because they related to plaintiff's incompetence in her trade. (Doc. Nos. 17 at 8–10; 23 at 6–7.) The statements were also inaccurate, plaintiff asserts, because they concerned an occasion when plaintiff left work early after falling ill and being instructed to leave work by a shift supervisor. (Doc. Nos. 17 at 9; 23 at 6–7.)

In their opposition to plaintiff's motion to remand and in their motion to dismiss, defendants argue that plaintiff's complaint does not adequately plead a defamation claim against defendant Rodgers. (Doc. No. 16 at 8–9.) First, defendants contend that the allegations offered by plaintiff in support of her claim are "impermissibly vague and conclusory." (*Id.*) Defendants argue that the alleged statements are also non-actionable because: (1) comments concerning plaintiff being "unfit" to work are opinion, (Doc. Nos. 24 at 8; 25 at 10–11); and (2) comments concerning plaintiff's absence from work are truthful, given plaintiff acknowledgment in her complaint that she missed a day of work due to illness. (*Id.*)

8

1  Having considered these arguments, the court concludes defendants have not met their
2  heavy burden of showing that "there is absolutely no possibility that the plaintiff will be able to
3  establish a cause of action" for defamation against defendants. *See Hamilton Materials, Inc.*, 494
4  F.3d at 1206. Plaintiff's complaint fairly describes publication of defendant's alleged statement
5  to third parties, in alleging that "Rodgers falsely verbally told [plaintiff's] coworkers, Coffee
6  Road store management and human resources, and WinCo human resources employees that
7  [plaintiff] had poor attendance, missed work, [was] an unfit employee," and "was generally
8  disqualified in her occupation." (Doc. No. 1-2 at 26, ¶ 133.)[1] Even if it could be argued that
9  plaintiff's complaint is somehow deficient in terms of its specificity as to any single fact, "that
10 deficiency does not establish that [defendant was] fraudulently joined." *Leon*, 2010 WL
11 4137393, at *3–5 (finding that defendants were not fraudulently joined when plaintiff alleged that
12 defamatory statements were "told [to] others, including subsequent potential employers").

13 The court is also not persuaded by defendants' argument that the statements allegedly
14 made by Rodgers are non-actionable opinion or truth. The alleged comments concerning plaintiff
15 having "poor attendance" at work and being "disqualified in her occupation" are susceptible of
16 being proved true or false, and are therefore assertions of fact. *See Gill v. Hughes*, 227 Cal. App.
17 3d 1299, 1309 (1991) (finding that the allegedly defamatory statement that plaintiff "is an
18 incompetent surgeon" was an actionable, factual statement, because it "is susceptible of being
19 proved true or false" and "implies that plaintiff is generally disqualified for his profession"); *cf.*
20 *Jaramillo v. Food 4 Less Madera*, No. CV F 10–1283 LJO GSA, 2010 WL 4746170, at *9 (E.D.
21 Cal. Nov. 16, 2010) (finding defendant's statement that plaintiff was "an unreliable employee
22 who did not adhere to Defendant's attendance policy" to be non-actionable opinion, but
23 emphasizing that the statement was made in an employer's performance evaluation).
24 /////
25

---

26 [1] Plaintiff also claims damages stemming from the alleged defamation. Specifically, in her complaint plaintiff alleges that "[a]s a proximate result of Defendants' defamatory and slanderous
27 conduct, [plaintiff] has suffered and will continue to suffer harm to her reputation, shame, hurt feelings, anxiety, worry, mental anguish, and serious severe emotional distress." (Doc. No. 1-2 at
28 26, ¶ 137.)

9

**II.     Privilege**

Under California law, plaintiffs may only bring defamation claims based on false statements that are not privileged. *SDV/ACCI, Inc. v. AT&T Corp.*, 522 F.3d 955, 961 (9th Cir. 2008). California's common interest privilege, California Civil Code § 47(c), immunizes from tort liability a person's statement to others on matters of common interest, provided that the person did not act with malice.[2] *See Coastal Abstract Service, Inc. v. First American Title Ins. Co.*, 173 F.3d 725, 735 (9th Cir. 1999). Whether the privilege exists in a particular case is a question of law for the court to determine. *Institute of Athletic Motivation v. University of Ill.*, 114 Cal. App. 3d 1, 14 n.5 (1980).

"Under Civil Code section 47, subdivision (c), defendant generally bears the initial burden of establishing that the statement in question was made on a privileged occasion, and thereafter the burden shifts to plaintiff to establish that the statement was made with malice." *Taus v. Loftus*, 40 Cal. 4th 683, 721 (2007). Malice is "a state of mind arising from hatred or ill will, evidencing a willingness to vex, annoy or injure another person." *Glenn K. Jackson Inc. v. Roe*, 273 F.3d 1192, 1201 (9th Cir. 2001) (citing *Agarwal v. Johnson*, 25 Cal. 3d 932, 944 (1979)); *see also Mamou v. Trendwest Resorts, Inc.*, 165 Cal. App. 4th 686, 729 (2008) (finding a triable issue of fact as to the existence of malice when defendant made an allegedly defamatory statement, and ordered employees to shun and avoid plaintiff). Malice "may also be established by showing that the defendant lacked reasonable grounds to believe the statement true and therefore acted with reckless disregard for plaintiff's rights." *Duste v. Chevron Prods. Co.*, 738 F. Supp. 2d 1027, 1042–43 (N.D. Cal. 2010) (citing *Sanborn v. Chronicle Pub. Co.*, 18 Cal. 3d 406, 413 (1976). However, malice may not be inferred from the publication itself, and negligence alone does not constitute malice. *See SDV/ACCI, INc. v. AT&T Corp.*, 522 F.3d 955, 962 (9th Cir. 2008) (citing *Lundquist v. Reusser*, 7 Cal. 4th 1193, 1211 (1994)); *McNamee v. Roman Catholic Diocese of*

---

[2] California Civil Code Section 47(c) states:  In a communication, without malice, to a person interested therein, (1) by one who is also interested, or (2) by one who stands in such a relation to the person interested as to afford a reasonable ground for supposing the motive for the communication to be innocent, or (3) who is requested by the person interested to give the information.

10

1   *Sacramento*, No. 2:12-cv-03101-MCE-AC, 2013 WL 5739098, at *3 (E.D. Cal. Oct. 22, 2013).

2   Here, plaintiff argues that she has stated a cognizable claim for defamation against
3   defendant Rodgers, and that his allegedly defamatory statements are not privileged. In particular,
4   plaintiff contends that the common interest privilege does not apply to defendants' statements
5   because they were made with malice and ill will. (Doc. Nos. 17 at 10; 23 at 9.) Plaintiff notes
6   that her complaint alleges defendant Rodgers made his false statements with an improper
7   purpose, "to punish [Cenis] for opposing disability discrimination or to remove her so that she
8   can no longer protest." (Doc. Nos. 17 at 10–11; 23 at 9–10.)

9   Defendants argue that plaintiff's defamation claim is based on non-actionable, privileged
10  statements. Defendants contend that the common interest privilege applies to Rodgers' alleged
11  comments because they: (1) were made by plaintiff's supervisor, Rodgers; (2) were addressed
12  exclusively to plaintiff's co-workers; and (3) concerned only plaintiff's professional performance
13  at WinCo. (Doc. No. 16 at 9–11.) Defendants also argue that plaintiff has not alleged specific
14  facts showing malice. (*Id.* at 11.) In particular, defendants contend that plaintiff's complaint
15  does not allege facts showing defendant Rodgers acted with a retaliatory motive, or allege
16  personal interactions between her and Rodgers other than that he informed plaintiff of her
17  termination for poor work attendance in the presence of a witness. (Doc. Nos. 24 at 6; 25 at 5)

18  Defendants' arguments in this regard are not persuasive. Plaintiff's complaint specifically
19  avers that Rodgers' defamatory statements were made with malice and ill will, and alleges facts
20  supporting that claim. (Doc. No. 1-2 at 26–26, ¶¶ 138–139.) For instance, plaintiff's complaint
21  alleges defendant Rodgers began ignoring her after she filed an HR report, (Doc. Nos. 1-2 at 10,
22  ¶ 45; 17 at 11; 23 at 10), and that plaintiff faced no criticism from her employer until near the end
23  of her employment, (Doc. Nos. 1-2 at 7, ¶ 14; 17 at 11; 23 at 10).

24  In this regard as well, defendants have not met their burden to show "there is no
25  possibility that the plaintiff will be able to establish a cause of action" against defendant Rodgers.
26  *See Good*, 5 F. Supp. 2d at 807. The allegations of plaintiff's complaint are sufficient to plead
27  malice, at least for purposes of avoiding removal on the basis of fraudulent joinder. *See Johnson*
28  *v. Wells Fargo & Co., Inc.*, No. CV 14-06708 MMM (JCx), 2014 WL 6475128, at *9 (C.D. Cal.

11

Nov. 19, 2014) (finding that plaintiff sufficiently pled malice for purposes of avoiding removal based on fraudulent joinder by alleging that statements "were made to retaliate against him").

## CONCLUSION

Here, "resolving all material ambiguities in state law in plaintiff's favor," the court finds that the plaintiff has sufficiently pleaded a defamation claim against defendant Rodgers, thereby defeating defendants' claim of fraudulent joinder. *See Hunter,* 582 F.3d at 1043 (stating that joinder is fraudulent only if plaintiff's failure to state a claim against the resident defendant is obvious under state law); *Macey v. Allstate Property and Cas. Ins. Co.*, 220 F. Supp. 2d 1116, 1117 (N.D. Cal. 2002) (stating that the court "must resolve all material ambiguities in state law in plaintiff's favor" when analyzing fraudulent joinder); *see also Leon*, 2010 WL 4137393, at *5.

Accordingly, for the reasons set forth above:

1. Defendants' motion to dismiss (Doc. No. 16), is denied;
2. Plaintiff's motion to remand this case (Doc. No. 17), is granted;
3. This action is remanded to the Kern County Superior Court, pursuant to 28 U.S.C. § 1447(c), for lack of subject matter jurisdiction; and
4. The court directs the Clerk of the Court to close this action.

IT IS SO ORDERED.

Dated:   **August 12, 2016**                                  _____
                                                              UNITED STATES DISTRICT JUDGE